UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JAMES DINNIGAN
a/k/a James Bernard McDonagh
a/k/a "Charlie Ward,

              Defendant.

- - - - - - - - - - - - - - - - - - X

<u>ORDER OF JUDICIAL REMOVAL</u>

Criminal Docket No. 25 Cr. 309

Upon the application of the United States of America, by Brandon D. Harper, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of JAMES DINNIGAN, a/k/a James Bernard McDonagh, a/k/a Charlie Ward (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Ireland.

3. The defendant was admitted to the United States on or about April 4, 2023 at or near Newark, NJ under the Visa Waiver Program as a non-immigrant temporary visitor for pleasure (B2) with authorization to remain in the United States until July 2, 2023. The defendant remained in the United States beyond July 2, 2023 without authorization from the United States Department of Homeland Security.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the

following offense: Conspiracy to Commit Wire Fraud in the amount of more than $250,000 but less than $550,000 in violation of 18 U.S.C. § 1349.

5. A total maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offense.

6. The defendant is subject to removal from the United States pursuant to: Section 237(a)(1)(B) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; Section 237(a)(2)(A)(i) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who committed a crime involving moral turpitude within five years after the date of admission and was convicted of a crime for which a sentence of one year or longer may be imposed; and Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA") 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(M) of the Act 8 U.S.C. § 1101(a)(43)(M), at any time after admission.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Ireland as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Ireland.

Dated: New York, New York
November 9, 2025

_____
HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE